**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 21 2021

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

LATASHA WILLIAMS                                                     **PLAINTIFF**

Vs.                                    CASE NO. 4:21-CV-527-LPR

UNITED PARCEL SERVICE, INC.                                         **DEFENDANT**

## COMPLAINT

Comes now the Plaintiff, LaTasha Williams, by and through her counsel, Lloyd W. "Tre"

Kitchens, of The Brad Hendricks Law Firm, and for her Complaint states as follows:

### INTRODUCTORY STATEMENT

This is an action to redress employment discrimination based on gender, hostile work

environment based on gender, and retaliation based on gender all in violation of Title VII of the

Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq*., and the Civil Rights

Act of 1991, and the Arkansas Civil Rights Act, Ark. Code Ann. §§ 16-123-101, *et seq*. Plaintiff

also alleges claims of intentional infliction of emotional distress (outrage). This Court also has

jurisdiction to hear Plaintiff's claims arising under Arkansas law pursuant to federal pendent

jurisdiction.

### JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3)

and (4) pursuant to Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U .S.C. §

2000e et seq., and the Civil Rights Act of 1991, and the Arkansas Civil Rights Act, Ark. Code

Ann. §§ 16-123-101, seq. The Court also has jurisdiction to hear Plaintiff's claims arising under

Arkansas law pursuant to federal pendent jurisdiction.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Ervin

## VENUE

2.      Venue herein is proper under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3).

## THE PARTIES

3.      At all relevant times, Plaintiff LaTasha Williams, a female, resided in Pulaski County, Arkansas.

4.      At all relevant times, Plaintiff has been an "employee" within the meaning of 42 U.S.C. § 2000e(f) and the Arkansas Civil Rights Act, Ark. Code Ann. §§ 16-123-101, et seq.

5.      At all relevant times, Defendant United Parcel Service, Inc. is a foreign for-profit corporation registered to do business in the State of Arkansas.  Service may be obtained by serving the registered agent, the Corporation Service Company, 300 Spring Building Suite 900, 300 S. Spring St., Little Rock AR 72201.

6.      At all relevant times, Defendant UPS was an "employer" engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 .S.C. § 2000e(b), (g), and (h).

## FACTS

7.      On or about November 9, 2020 the Plaintiff filed a Charge of Discrimination with the EEOC. *See attached* Exhibit #1.

8.      On or about April 8, 2021 the EEOC issued a Notice of Suit Rights to the Plaintiff on EEOC charge 493, 202-01844. *See attached* Exhibit #2.

9.      Plaintiff was hired by the Defendant in July of 2019.

10.      Throughout her tenure with the Defendant, the Plaintiff met or exceeded all legitimate business expectations of the Defendant.

11.     On or about July 26 and 27, 2020 the Plaintiff was sexually harassed by UPS employee Darrell McHenry.

12.     Mr. McHenry would regularly make comments about the Plaintiff's body in a sexually explicit manner.

13.     Defendant's security cameras that would have captured McHenry's behavior, were miraculously out of service on dates she complained of his behavior.

14.     Plaintiff initially reported Mr. McHenry's behavior to two separate UPS supervisors: Gerald and Dominic.

15.     Instead of Dominic, a supervisor with UPS, helping the Plaintiff with this sexual harassment, he joined in making sexual comments about the Plaintiff.

16.     On July 28, 2020 Mr. McHenry made comments about the Plaintiff's genitals, that she was poor, and other slanderous and defamatory statements.

17.     This confrontation led to a heated confrontation between McHenry and the Plaintiff.

18.     After reporting the harassing behavior, the Plaintiff was retaliated against by being terminated on July 29, 2020.

19.     After being terminated, Plaintiff was told by UPS security to file a complaint against Mr. McHenry, which she did.

20.     Mr. McHenry, the harasser and bad actor, only was suspended for two weeks.

21.     Plaintiff reported Mr. McHenry's sexually harassing comments to multiple supervisors, including Gerald, Dominic and Kesha at UPS, as well as the HR department.

22.     In late August 2020 Plaintiff was reinstated at UPS.

23.    On September 11, 2020 Plaintiff filed another grievance at UPS because Mr. McHenry was in her work area staring at her, for no legitimate business reason.

24.    After reporting the continued harassing behavior, the Plaintiff was retaliated against by being given more work and not being given additional commensurate compensation.

25.    When Plaintiff was brought back to work, she was assured by employees of UPS that her claims against Mr. McHenry would be investigated.  She was never contacted by UPS about any of her claims.

## COUNT I
## GENDER DISCRIMINATION

26.    Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as set forth herein verbatim.

27.    Plaintiff is a member of protected class (female).

28.    The actions of the Defendant constituted gender discrimination and created a hostile environment that rendered Plaintiffs work environment intolerable, in violation of federal and state law.

29.    Defendant UPS discriminated against Plaintiff by having actual knowledge of the Plaintiff being harassed, and failing to act to protect the Plaintiff and other female employees.

30.    As a direct and proximate result of Defendant's actions described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress and mental anxiety, for all of which he should be compensated.

## COUNT II
## HOSTILE ENVIRONMENT

31.    Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as set forth herein verbatim.

32.     Plaintiff was subjected to a hostile or abusive work environment because of Darrell McHenry's conduct and Defendant UPS's tacit acceptance of McHenry's offending behavior.

33.     The harassment adversely affected, and continues to affect, the Plaintiff's psychological well-being and unreasonably interfered with the Plaintiff's work performance.

34.     The environment to which Plaintiff was subjected was so pervasive as to change the terms and conditions of the Plaintiff's employment by creating a hostile work that prevented the Plaintiff's performance of her work duties.

35.     Defendant had notice of the harassment and they failed to take reasonable remedial action.

## COUNT III
## ARKANSAS CIVIL RIGHTS ACT

36.     Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as if set forth herein verbatim.

37.     The acts and omissions of Defendant violated Plaintiff's rights that are protected by the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-101, et seq., in that the Plaintiff was subjected to discrimination in the terms and conditions of her employment based on her gender.

38.     The acts and omissions of Defendant violated Plaintiff's rights that are protected by the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-101, *et seq.*, in that the Plaintiff was subjected to retaliation after she complained of the discriminatory and harassing conduct to which she was subjected, as more particularly set forth above.

39.     The retaliatory conduct of Defendant proximately caused Plaintiffs damages, as set forth herein.

5

## DAMAGES

40.    Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as if set forth herein verbatim.

41.    As a direct and proximate result of the actions of the Defendant, the Plaintiff has suffered damages in an amount in excess of the minimum amount for federal diversity jurisdiction to be determined by a jury for the following elements:

a.    Emotional Distress;

b.    Lost reputation;

c.    Lost promotional opportunities, salary and benefits;

d.    Compensatory and punitive damages.

WHEREFORE, Plaintiff prays this Court grant the following relief:

a.    Grant Plaintiff a trial by jury;

b.    A declaratory judgment that the actions of the Defendant violated Plaintiff's rights under state and federal law;

c.    Grant a permanent injunction prohibiting the Defendant UPS, and its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

d.    Grant a permanent injunction enjoining Defendant UPS, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation or from any employment practice which discriminates on the basis of retaliation or which facilitates, condones, or encourages retaliation;

e.     Order Defendant UPS, to institute and carry out policies, practices, and programs which provide equal employment opportunities for females which eradicates the effects of its past and present unlawful employment practices.

f.     Order Defendant to make Plaintiff whole by providing a damages award, in amounts to be determined at trial, and provide other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

g.     Order Defendant Employer to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, and other appropriate expenses in amounts to be determined at trial.

h.     Order Defendant to make Plaintiff whole by providing compensation for past and future non pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

i.     Order Defendant to pay Plaintiff punitive damages for their malicious and/or reckless conduct described above, in an amount to be determined at trial.

j.     Grant such further relief as the Court deems necessary and proper.

k.     Award Plaintiff attorney's fees and costs in this action.

Plaintiff requests a jury trial on all claims set forth in her Complaint.

Respectfully Submitted

The Brad Hendricks Law Firm
Lloyd W. "Tré" Kitchens
500 C Pleasant Valley Dr.
Little Rock, AR 72227
(501) 221-0444 (P)
(501) 661-0196 (F)

7

Tkitchens@bradhendricks.com

By: _____
Lloyd W. "Tré" Kitchens, ABN 99075

## VERIFICATION

I have read the above and foregoing and it is true and correct to the best of my knowledge and belief.  Wherein I set my hand and seal this 18 day of June, 2021.

_____
LaTasha Williams

STATE OF ARKANSAS   )
                      )ss
COUNTY OF Pulaski   )

Sworn to and subscribed before me, a Notary Public, on this 18th day of June, 2021.

_____
NOTARY PUBLIC

My Commission Expires

AUDRA L. MURRAY
MY COMMISSION # 12367826
EXPIRES: October 2, 2028
Pulaski County

8

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 493-2020-01844 |

| | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MS. LATASHA M WILLIAMS** | **(501) 246-2206** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **4209 APPLE AVENUE, LITTLE ROCK, AR 72206** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **UPS** | **101 - 200** | **(501) 490-3112** |

| Street Address | City, State and ZIP Code |
|---|---|
| **5504 FOURCH DAM PIKE, LITTLE ROCK, AR 72206** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **05-04-2020**   Latest **07-29-2020**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired in July 2019 as Small Sorter. My current position is PD3 Misload. In early May 2020, a Part time Supervisor, Darrell McHenry began sexually harassing me. He began staring at my butt, asking to see me out, and making inappropriate sexual comments. I rejected his advances. On or about July 27, 2020, I reported the sexual harassment to two male Supervisors, Gerald and Dominic. On July 28, 2020, I reported the sexual harassment to another Supervisor, Kesha. On July 29, I asked Kesha if she had reported the sexual harassment to Human Resources. On July 29, 2020, I was discharged. Around August 24 or 25, I was reinstated. On September 11, 2020, I filed a grievance because Darrell was in my work area. Since filing the grievance, I have been assigned more work.

I believe I was sexually harassed because of my sex, female, and discharged in retaliation for complaining about the sexual harassment. I also believe I am required to do more work in retaliation for complaining about the sexual harassment, in violation

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Latasha Williams on 11-09-2020 02:05 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**EXHIBIT**
1

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Latasha M. Williams**<br>**4209 Apple Avenue**<br>**Little Rock, AR 72206** | From: | **Little Rock Area Office**<br>**820 Louisiana**<br>**Suite 200**<br>**Little Rock, AR 72201** |

|  | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
| | **Johnny L. Glover,** | |
| **493-2020-01844** | **Investigator** | **(501) 324-6475** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other *(briefly state)* |

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

April 8, 2021

**William A. Cash, Jr.,**
**Area Office Director**

Enclosures(s)

*(Date Issued)*

cc:
| **UPSEMP UPS** | **Michael Guillam** | **Lloyd Kitchens** |
| **Sr. Legal Admin** | **Burns Barton PLC** | **BRAD HENDRICKS LAW FIRM** |
| **UPS CORPORATE LEGAL DEPT** | **2201 E. Camelback** | **500 C Pleasant Valley Dr** |
| **55 Glenlake Parkway** | **Rd. Suite 360** | **Little Rock, AR 72227** |
| **Atlanta, GA 30328** | **Phoenix, AZ 85016** | |



EXHIBIT

2

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***